

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE CITRI-LITE COMPANY, | No. 11-17609 |
| Plaintiff – Appellant, | D.C. No. 1:07-CV-01075 OWW JLT |
| v. | |
| COTT BEVERAGES, INC., | MEMORANDUM[*] |
| Defendant – Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior Judge, Presiding

Argued and Submitted November 7, 2013
San Francisco, California

Before: REINHARDT and WATFORD, Circuit Judges, and LYNN, District Judge.[**]

The Citri-Lite Company ("Citri-Lite") appeals the district court's judgment,

resulting from its Findings of Fact and Conclusions of Law following a bench trial,

that the efforts of Cott Beverages, Inc. ("Cott") to promote Slim-Lite, a Citri-Lite

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

product, pursuant to an exclusive license agreement between the parties, were commercially reasonable and that Cott did not violate the implied covenant of good faith and fair dealing. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's legal conclusions *de novo. Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002). We review its factual findings for clear error. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009). Having done so, we affirm.

Citri-Lite contends that the district court erred in its interpretation of the term "commercially reasonable efforts," which is contained in paragraph 2.4 of the parties' license agreement. However, the district court fairly considered the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties, as well as the extrinsic evidence as to industry standards and the parties' prior relationship and negotiations, when it concluded that the term "commercially reasonable efforts" permitted Cott to consider its own economic business interests in rendering performance and that an inquiry into commercial reasonableness must be evaluated in the context of the totality of the business arrangement. *See DP Aviation v. Smiths Indus. Aero. & Def.*

2

*Sys.*, 268 F.3d 829, 838 (9th Cir. 2001); *Gifford v. J & A Holdings*, 54 Cal. App. 4th 996, 1005, 63 Cal. Rptr. 2d 253 (Cal. Ct. App. 1997). The district court found that, under the agreement, "commercially reasonable efforts" with respect to marketing were not restricted to product demonstrations. We agree. We conclude that the determination of whether "commercially reasonable efforts" were undertaken by Cott is a factual determination as to which the district court did not clearly err.

Citri-Lite also contends that the district court erred in its definition and application of the implied covenant of good faith and fair dealing. The district court properly found that the exclusive license agreement defined Cott's marketing obligations and that Cott did not breach any implied covenant.

Accordingly, the district court properly interpreted and applied the contractual term "commercially reasonable efforts" to conclude that Cott did not breach that provision in the license agreement, and properly defined Cott's duties and evaluated its performance with respect to an implied covenant of good faith and fair dealing.

**AFFIRMED.**